IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Kehoe Component Sales, Inc. d/b/a, Pace Electronic Products, | : | Case No. 2:08-cv-752 |
| | : | JUDGE EDMUND A. SARGUS |
| Plaintiff, | : | Magistrate Judge Kemp |
| v. | : | |
| Best Lighting Products, Inc., | : | |
| Defendant. | : | |

## OPINION AND ORDER

Before the Court is Defendant Best Lighting, Inc.'s Application for Attorneys Fees pursuant to Rules 26, 34, and 37 of the Federal Rules of Civil Procedure. Plaintiff Kehoe Component Sales, Inc. d/b/a Pace Electronics ("Pace Electronics") has filed a response in opposition to Best Lighting's application for Fees. For the reasons that follow, the application will be granted in part and denied in part.

I. Background

Best Lighting seeks expenses incurred in connection with its second motion to compel, which addressed deficiencies in an inspection of certain tooling that took place in China on May 4, 2010. The evidence that the parties provided in briefing the motion to compel demonstrated the following:

- On April 22, 2010, prior to the inspection, counsel for Pace Electronics emailed counsel for Best Lighting to inform him that all of the tooling at issue would be collected in one place by May 3, 2010 (Mot. Compel, Exh. D);

- On May 4, 2010, the inspection took place, and according to the Declaration of Alvin Katz, several pieces of tooling that were supposed to be available for inspection were not available for inspection; in addition, Mr. Katz's declaration claimed that the inspection began a half hour late, only three of the four members of the pre-approved

- team were permitted to enter to inspect the tooling, the attorneys for Best Lighting were not permitted to take pictures of the tooling or use any audio recordings, and the attorneys for Best Lighting were not permitted to inspect the inside of the pieces of tooling (Mot. Compel, Exh. H);

- On May 10, 2010, in response to a Best Lighting's complaints about the inspection, counsel for Pace Electronics wrote that he had been advised that "several small tools were missing" and "[his] understanding is that there were not tools for entire units; rather, parts of a finished unit" (Mot. Compel, Exh. I);

- On August 20, 2010, counsel for Pace Electronics wrote to counsel for Best Lighting stating that "Pace Electronics has reviewed the list of tooling which you provided on August 10 and advises that the listed tooling was not made available for inspection because these tools were not part of the tooling purchased by Best Lighting in 2005 and that the tooling which was purchased by Best Lighting was made available for the inspection," and further stating that Pace Electronics believed it had complied with the request to make tooling owned by Best Lighting available for inspection (Mot. Compel, Exh. K);

- On August 30, 2010, counsel for Pace Electronics wrote to counsel for Best Lighting stating that neither of the actual parties in the litigation have possession of the tooling and that Pace Technology voluntarily allowed and supervised the inspection, that he had no direct knowledge of whether the "missing tooling" was part of the tooling that Best Lighting purchased in 2005, and that his client was going to further investigate the tooling on the list to determine whether any tooling sold to Best Lighting was missing from the inspection; he also stated that he disagreed with Best Lighting's characterization that the inspection was not a "valid inspection" (Mot. Compel, Exh. L);

- On October 13, 2010, Best Lighting filed its Second Motion to Compel, which included a 35-page memorandum of law and 14 exhibits;

- On November 3, 2010, Pace Electronics filed an Opposition to the Second Motion to Compel; Pace Electronics wrote in its brief that "Pace Technology confirms that nine pieces of tooling were not at the site for inspection" on May 4, 2010 (Resp. at 5);

- On November 19, 2010, Best Lighting filed a reply in support of its motion to compel;

- On December 1, 2010, the Court held an evidentiary hearing in order to resolve the factual disputes before the Court in the motion to compel; the hearing included the questioning via live videoconferencing of witnesses in China;

- On January 21, 2011, the Court issued an order granting the motion to compel and reserving decision on the applications for expenses; the Court ordered the parties to meet and confer within fourteen days after the second inspection to determine whether they could reach an agreement as to the amount of fees and expenses to be awarded to Best Lighting; in the event that the parties were unable to agree, Best Lighting was to file an application for fees and other expenses and Pace Electronics was to file a statement of expenses for the personnel and equipment required to enable the tooling to be opened for inspection;

- On May 15, 2011, counsel for Best Lighting wrote to counsel for Pace Electronics and included the totals that Best Lighting said that it incurred for attorneys fees associated with the second motion to compel and travel costs for the first inspection; he wrote that he would send over a breakdown of the legal fees as well;

- On June 13, 2011, counsel for Pace Electronics responded with its conclusion that the parties would not be able to reach agreement; he explained that Pace Electronics did not believe any attorneys fees were warranted; he also explained that he thought the amount of travel costs exceeded the reasonable amount incurred and asked for an itemized explanation of those costs;

- On June 17, 2011, Best Lighting filed its application for attorneys fees and for the expenses incurred in the initial inspection; the application included an itemized description of the hours billed along with a sworn declaration regarding the attorneys fees incurred; the application did not include any evidence regarding the travel costs incurred, and the parties' briefing does not indicate that Best Lighting ever provided documentation regarding the claimed travel costs to Pace Electronics; and

- On July 6, 2011, Pace Electronics filed its Response in Opposition to the Application without any additional evidence or documentation.

II. <u>Legal Standard</u>

Where a motion to compel is granted, Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure mandates payment of the moving

party's reasonable expenses, including attorney's fees, incurred in connection with its motion to compel unless (i) the movant filed the motion before attempting in good faith to obtain the disclosure without court action, (ii) the opposing party's nondisclosure, response, or objection was substantially justified, or (iii) other circumstances make an award of expenses unjust.  An oral hearing is not required for the granting of such an award as long as the parties have been given the opportunity to brief the issue.  See Fed. R. Civ. P. 37 advisory committee's note to the 1993 amendments (noting that "the phrase 'after opportunity for hearing' is changed to 'after affording an opportunity to be heard' to make clear that the court can consider such questions on written submissions as well as on oral hearings").

Best Lighting's Application for Attorneys Fees seeks two categories of expenses: (1) $21,753.50 in fees charged in connection with the prosecution of its motion to compel and (2) $2,111.00 in travel costs incurred during the initial tooling inspection on May 4, 2010 in China.

    A.    <u>Attorney's Fees</u>

Pace Electronics has objected to the propriety of awarding fees because, it argues, "the dispute could have been resolved without the necessity of a motion and evidentiary hearing if Best Lighting had accepted [Pace Electronics'] explanation that the tooling list contained more than one entry for individual molds because these were entries made each time a tool was modified." (Resp. at 2.)  It further argues that Best Lighting's "position that there were more molds which plaintiff failed to produce was based on this misunderstanding and was resolvable but for [Best Lighting's] intransigence."  (Id.)  Not only has Pace Electronics provided no evidence that it offered such an explanation to Best Lighting prior to the filing of the motion to compel, its own

-4-

brief in opposition to the motion to compel supports Best Lighting's position that there were more molds which Pace Electronics failed to produce. In its opposition brief, Pace Electronics agrees that there were still nine pieces of tooling that were not provided at the initial inspection (Resp. at 5). Furthermore, the evidence regarding the communications leading up to the motion to compel demonstrates that Pace Electronics provided a number of alternative and conflicting explanations, none of which explained that Best Lighting was misreading the way that the tooling list described tool modifications.

Based on the evidence before the Court, the Court can neither conclude that Pace Electronics offered the explanation that the tooling list contained multiple entries for individual molds before Best Lighting filed its Second Motion to Compel, nor can it conclude that such an offer would have resolved the dispute without the necessity of a motion and evidentiary hearing. Indeed, it is questionable whether it would have been reasonable for Best Lighting to accept such an explanation after the various explanations offered between the inspection and the filing of the motion to compel, and further, even if such an explanation were accepted, there was still some dispute as to the scope of a proper inspection of the tooling. See, e.g., Mot. Compel, Exh. L ("Based on your reports the inspection was more limited in some respects than anticipated, but we disagree with you [sic] characterization that the inspection was not 'a valid inspection.'"). Accordingly, there is no Rule 37(a)(5)(A) basis for denying Best Lighting its "reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

The next question before the Court is the amount of fees that is "reasonable." "The starting point for determining the amount of a reasonable attorney fee is the 'lodestar' amount

which is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." Imwalle v. Reliance Medical Products, Inc., 515 F.3d 531, 551-52 (6th Cir. 2008) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). "Where the party seeking the attorney fees has established that the number of hours and the rate claimed are reasonable, the lodestar is presumed to be the reasonable fee to which counsel is entitled." Inwalle, 515 F.3d at 552 (citing Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 564-65 (1986)).

In support of its application for $21,753.50 in fees, Best Lighting attached a sworn declaration of one of its attorneys and an itemized spreadsheet describing the date, time expended, timekeeper, and a description of the work completed amounting to the 87.5 hours expended in preparing and prosecuting the motion to compel, including preparing for and participating in the evidentiary hearing held by the Court. (App. for Fees, Decl. of G. Barwell, Exh. A.) Mr. Barwell stated in his sworn declaration that Best Lighting was invoiced these fees and paid each invoice in full. (App. for Fees, Decl. of G. Barwell at ¶ 4.) Pace Electronics has not objected to any particular item or items of work for which Best Lighting seeks fees. While 87.5 hours is more than the typical amount of time spent drafting a motion to compel, even a relatively lengthy one such as the one at issue here, the total hours for which Best Lighting seeks compensation includes time spent in connection with the evidentiary hearing that the Court held in order to make factual determinations about the contested issues presented by the motion to compel. After reviewing counsel's billing statement, the Court finds these hours reasonable.

To determine whether a billing rate is reasonable, courts should assess the prevailing market rate in the relevant

community, which is the rate that "lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record . . . ." Adcock-Ladd v. Secretary of Treasury, 227 F.3d 343, 350 (6th Cir. 2000) (citations omitted). "A district court may rely on a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests." Van Horn v. Nationwide Property and Cas. Ins. Co., 436 Fed. Appx. 496, 498-99, 2011 WL 3792362, *2 (6th Cir. Aug. 26, 2011) (citations omitted). Best Lighting calculated the fees it seeks pursuant to the lodestar method using an hourly rate of $255 for the attorneys and an hourly rate of $125 for the legal assistant, who only billed 4.3 hours. (App. for Fees, Decl. of G. Barwell at ¶2.) Although Best Lighting did not provide evidence of the experience or credentials of the attorneys, the Attorney Directory hosted by the Supreme Court of Ohio indicates that Mr. Mauger was admitted to practice in Ohio approximately 17 years ago, Mr. Barwell was admitted to practice in Ohio more than 12 years ago, and Mr. Wesp was admitted to practice in Ohio 41 years ago. Furthermore, the Court has had the opportunity to observe Mr. Barwell and Mr. Wesp advocate for their client in this case, and Mr. Mauger only billed 3 hours of the total sought.

Pace Electronics has not objected to the hourly rates used by Best Lighting, and the Court finds that these rates are reasonable. In particular, Mr. Wesp's hourly rate seems quite low for his level of experience, and he billed 30 hours. See, e.g., Potter v. SABIC Innovative Plastics US, LLC, No. 2:10-cv-696, 2011 WL 4852334, *7 (S.D. Ohio Oct. 13, 2011) (concluding that an hourly rate of $277 was reasonable for an eighth-year attorney who is a principal partner in his law firm and $237 was reasonable for an attorney who was serving as "of counsel" at the same firm); Niswonger v. PNC Bank Corp. And Affiliates Long Term

Disability Plan, No. 3:10-cv-377, 2011 WL 4543929, *4-5 (S.D. Ohio Sept. 29, 2011) (finding that an hourly rate of $350 is reasonable for an attorney who practiced law for 20 years and had focused on the area of law at issue for seven of those); Eppard v. ViaQuest, Inc., No. 2:09-CV-234, 2010 WL 4568868, *4 (S.D. Ohio Nov. 2, 2010) (concluding that the blended hourly rate of $216 per hour was somewhat lower than some hourly rates, but reasonable); Bowers v. Hartford Life and Accident Ins. Co., No. 2:09-cv-290, 2010 WL 4117515, *6 (S.D. Ohio Oct. 19, 2010) (finding that an hourly rate of $350 for counsel was reasonable); J4 Promotions, Inc. V. Splash Dogs, LLC, No. 2:09-cv-136, 2010 WL 2162901, *2-3 (S.D. Ohio May 25, 2010) (approving an hourly rate of $330 for counsel); Weidauer v. Broadspire Servs., No. C-3-07-097, 2009 WL 152501, *10 (S.D. Ohio Jan. 21, 2009) (approving an hourly rate of $300 for counsel); Ousley v. General Motors Retirement Program for Salaried Employees, 496 F. Supp. 2d 845, (S.D. Ohio 2006) (awarding fees at an hourly rate of $255 for an attorney and $65 for a legal assistant in Dayton, Ohio).

    B.    Travel Costs for Initial Inspection

Best Lighting also seeks $2,111 for travel for Alvin Katz to China for the May 4, 2010 inspection. Pace Electronics opposes this award because it believes that the inspection was scheduled by Best Lighting to take place on days when Mr. Katz would be in China on other business for Best Lighting. Pace Electronics also points out that Best Lighting has not itemized the claimed costs. Best Lighting has not responded to this argument notwithstanding the fact that Pace Electronics raised the same argument in its June 13, 2011 letter that is attached to Best Lighting's Application for Fees as Exhibit B. Further, as the party seeking expenses, Best Lighting must offer documentation to enable the Court to determine that the expenses were actually and reasonably incurred. Cf. Imwalle, 515 F.3d at 553 (explaining that a party

seeking attorney fees must offer documentation with "sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation") (citations and internal quotations omitted). Best Lighting has not made any statements about the travel costs sought in its sworn declaration, nor has it provided any evidence in support of the claimed travel costs. Accordingly, its application for travel costs will be denied.

III. <u>Conclusion and Order</u>

For the reasons set forth above, the Court grants in part and denies in part Best Lighting's Application for Attorneys Fees (#123) as follows. The Court denies the application for travel costs. The Court grants the application for fees in the amount of $21,753.50. This sum shall be paid within thirty days.

IV. <u>Procedure for Reconsideration</u>

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp

United States Magistrate Judge