UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KEHOE COMPONENT SALES
INC., d/b/a PACE ELECTRONIC
PRODUCTS,

        Plaintiff,

    v.

BEST LIGHTING PRODUCTS,
INC.,

        Defendant.

Case No. 2:08-CV-00752
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Terence P. Kemp

KEHOE COMPONENT SALES
INC., d/b/a PACE ELECTRONIC
PRODUCTS, *et al.*,

        Plaintiffs,

    v.

BEST LIGHTING PRODUCTS,
INC.,

        Defendant.

Case No. 2:10-CV-00789
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Terrence P. Kemp

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff Kehoe Component Sales

d/b/a Pace Electronic Products' ("Plaintiff") Motion for Leave to Supplement Disclosure to Add

Additional Fact and/or Expert Witness. (ECF Nos. 103, 104) For the reasons that follow,

Plaintiff's Motion is **DENIED**.

I.

Plaintiff seeks to supplement its witness identification disclosures in order to add James J.

Hooley as an additional fact and/or expert witness in this matter so that Mr. Hooley can present testimony at trial. As Plaintiff stresses, one of the pending issues in this case concerns the originality and development of various emergency lighting products of Defendant Best Lighting Products, Inc. ("Defendant").[1] Plaintiff submits that Mr. Hooley has extensive experience in the emergency lighting industry that includes exposure to many of Defendant's individual products.

The Court issued various scheduling deadlines in this case. Expert reports were due on September 23, 2011 and rebuttal expert reports were due on November 23, 2011. Discovery ultimately closed in this case on March 16, 2012.[2] Despite these deadlines, on July 6, 2012, Plaintiff contacted Defendant to supplement its initial disclosures, identifying Mr. Hooley as a "fact witness." (Def.'s Reply 2nd Mot. Summ. J. Ex. A, ECF No. 79-1.) On July 9, 2012, Plaintiff attached Mr. Hooley's Declaration to its Memorandum in Opposition to Defendant's Second Motion for Partial Summary Judgment. Within the Declaration, based on a review of Defendant's products and his knowledge of the emergency lighting field, Mr. Hooley opined as to the originality of a number of Defendant's products. On July 23, 2012, within reply briefing, Defendant requested that the Court strike Mr. Hooley's Declaration. Pursuant to the Court's March 7, 2013 Trial Scheduling Order, this case is set for trial on August 19, 2013.

On March 20, 2013, the Court issued an Opinion and Order considering the parties' pending dispositive motions. At this time, the Court struck Mr. Hooley's Declaration from the record, pursuant to Federal Rule of Civil Procedure 37(c), based on Plaintiff's untimely

---

[1] The Court provided an in-depth review of the factual background of this case within its March 20, 2013 Opinion and Order.

[2] This date reflects a significant extension from the original discovery deadlines the Court set in Case No. 10-cv-789. (*See* ECF No. 29.)

identification of Mr. Hooley. The Court reserved any decision as to whether it would permit Mr. Hooley as a trial witness.

On April 18, 2013, Plaintiff filed the current Motion for Leave to Supplement. Plaintiff maintains that there is substantial justification to allow the late identification of Mr. Hooley. Counsel for Plaintiff avers that he was unable to locate a witness experienced in the emergency lighting field prior to the running of expert disclosure and discovery deadlines in this case. (Hull Decl. ¶¶ 6–7, ECF No. 103-1.) Plaintiff's counsel further states that he discovered Mr. Hooley in May 2012. (*Id.* at ¶ 7.) According to counsel, Mr. Hooley was not available earlier because Mr. Hooley did not leave his employment in the industry—and begin consulting—until 2012. (*Id.* at ¶¶ 8–9.) Finally, counsel asserts that it took him from May 18, 2012 (when he became aware of Mr. Hooley) to July 6, 2012 (the date of Plaintiff's supplemental disclosure) to assess the value of Mr. Hooley's testimony. (*Id.* at ¶¶ 11–12.) Although Plaintiff seeks to identify Mr. Hooley as a fact and/or expert witness, counsel admits that at least part of Mr. Hooley's value stems from his expertise in the emergency lighting field and his ability to opine as to the originality of Defendant's products. (*Id.* at ¶ 26.) Although Plaintiff has not submitted any potential expert report for Mr. Hooley, it maintains that Mr. Hooley's earlier Declaration contains the basic information required under Federal Rule of Civil Procedure 26(a)(2)(B).

Defendant opposes Plaintiff's Motion and that the allowance of Mr. Hooley as a witness will divert time Defendant needs for trial preparation. In the alternative, Defendant maintains that an extension of the trial schedule is necessary so that Defendant may depose Mr. Hooley and locate a rebuttal witness.

## II.

Pursuant to Federal Rule of Civil Procedure 26(a), a party is required to disclose, in a timely manner, the names of—and other information relating to—potential trial witnesses. Moreover, Rule 26(a)(2) includes specific disclosure requirements for expert witnesses. Rule 37, the enforcement mechanism for Rule 26 requirements, provides in pertinent part "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

The United States Court of Appeals for the Sixth Circuit has recognized that Rule 37(c)(1) "requires absolute compliance with Rule 26(a), that is, it mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified." *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (internal quotations omitted). The burden is on the potentially sanctioned party to show substantial justification or harmlessness. *See id.* The Sixth Circuit has further recognized that "[h]armlessness, however, is the key under Rule 37, not prejudice. The advisory committee's note to Rule 37(c) strongly suggests that harmless involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir. 2003) (internal quotations omitted); *see also Southern States Rack And Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003) (considering, for the purposes of Rule 37(c)(1) "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5)

4

the nondisclosing party's explanation for its failure to disclose the evidence.")

## III.

In this case, the Court finds that Plaintiff has failed to demonstrate that its untimely identification of Mr. Hooley was either substantially justified or harmless. Regardless of whether Mr. Hooley is classified as a fact or expert witness, it is undisputed that Plaintiff failed to identify him before the close of discovery in this case. Plaintiff has failed to offer an adequate explanation for its failure to name a comparable witness at an earlier time within the Court's discovery schedule.[3] Although Plaintiff offers some evidence indicating why it was unaware of Mr. Hooley until May 18, 2012,[4] it submits limited—if any—detail as to why it was unable to identify a comparable witness prior to this date. Plaintiff asserts that it unsuccessfully searched for a witness with knowledge of the history of the emergency lighting industry. Plaintiff, however, does not describe what actions it took during this search. Accordingly, the Court is left to speculate as to the availability of such a witness and whether Plaintiff acted diligently in its search. Ultimately, without more evidence, the Court cannot conclude that Plaintiff's significant delay in locating such a witness was substantially justified.

Nor is the Court convinced that Plaintiff's failure to comply with Rule 26 is harmless in this case. Specifically, the current record reflects that Plaintiff's failure to identify Mr. Hooley

---

[3] Although the Fourth Circuit test outlined in *Southern States Rack And Fixture* is not binding on this Court, the Court has considered the other enumerated factors. Nevertheless, the Court is not convinced that, given the record in this case, any of the factors outweigh Plaintiff's failure to provide a sufficient explanation for its delay. Moreover, for reasons described below, the Court finds that allowing Mr. Hooley to testify would either disrupt the Court's trial schedule or disadvantage Defendant during trial preparation stage.

[4] Notably, despite the fact that discovery had already closed, Plaintiff still waited over a month and a half—until July 6, 2012—to inform opposing counsel of Mr. Hooley.

5

was not the product of any form of mistake. Rather, Plaintiff simply failed to uncover an appropriate witness in a timely fashion. Furthermore, it is undisputed that Defendant did not have notice of Mr. Hooley until after the discovery period had already closed.[5]

Finally, the Court cannot ignore the practical implications of permitting the addition of Mr. Hooley at this late stage in proceedings. This long-pending case was initially filed, under Case No. 08-cv-752, in August 2008. Moreover, as the Court's March 20, 2013 Opinion and Order reflects, there are a number of claims still remaining. Even assuming that the addition of Mr. Hooley would not require an extension of the current trial deadlines, it would no doubt disadvantage Defendant to require it to account for Mr. Hooley's potential testimony during the remaining period before trial.

Considering the circumstances of this case, the Court finds that denial of leave and exclusion of Mr. Hooley's testimony is appropriate. The Court will not impose any of the further sanctions listed within Rule 37(c)(1).

## IV.

For the foregoing reasons, Plaintiff's Motion for Leave to Supplement Disclosures to Add Additional Fact and/or Expert Witness is **DENIED**. (ECF Nos. 103, 104.)

---

[5] The Court recognizes that, by the ultimate trial date, Defendant will have known of Mr. Hooley for approximately thirteen months. It is perhaps fair to say that Defendant has taken a risk in failing to prepare for the possibility of Mr. Hooley's testimony. At the same time, however, this entire thirteen-month period was after the close of discovery. The Court is reluctant to fault Defendant for failing to preemptively move to reopen discovery based on Plaintiff's failure to meet the discovery deadlines. Moreover, although Plaintiff should have been aware of Defendant's objections to Mr. Hooley at least as early as July 2012, they waited until April 18, 2013, after the Court had set a trial date and issued its summary judgment determination, to take any action to ensure the availability of Mr. Hooley's testimony at trial.

**IT IS SO ORDERED.**

7-25-2013
**DATE**

EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT JUDGE**